UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>  v.<br><br>REAL PROPERTY LOCATED AT 460 S. PERSHING AVENUE, YORK, PENNSYLVANIA,<br><br>REAL PROPERTY LOCATED AT 1142 E. POPLAR STREET, YORK, PENNSYLVANIA,<br><br>REAL PROPERTY LOCATED AT 929 W. POPLAR STREET, YORK, PENNSYLVANIA,<br><br>REAL PROPERTY LOCATED AT 561 W. PRINCESS STREET, YORK, PENNSYLVANIA,<br><br>REAL PROPERTY LOCATED AT 656 E. PRINCESS STREET, YORK, PENNSYLVANIA,<br><br>REAL PROPERTY LOCATED AT 437 COOPER PLACE, YORK, PENNSYLVANIA,<br><br>REAL PROPERTY LOCATED AT 614 S. QUEEN STREET, YORK, PENNSYLVANIA,<br><br>REAL PROPERTY LOCATED AT 542 S. QUEEN STREET, YORK, PENNSYLVANIA,<br><br>REAL PROPERTY LOCATED AT 520 S. QUEEN STREET, YORK, PENNSYLVANIA,<br><br>326 FREDRICK CT, YORK, PENNSYLVANIA,<br>    Defendants. | Civil Action No. 1:20-cv-83<br><br>**Amended Complaint** |

## VERIFIED AMENDED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, the United States of America, brings this amended complaint and alleges as follows in accordance with Supplemental Rule G (2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1.  This is a civil forfeiture action to forfeit ten real properties that were: (1) purchased with the proceeds of the distribution of controlled substances, in violation of 21 U.S.C. § 841, and are therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a); (2) used to launder the proceeds of illegal controlled substance violations, in violation of 18 U.S.C. §§ 1956 and 1957, and are therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and (C); (3) derived from the proceeds of wire fraud, in violation of 18 U.S.C. § 1343, and are therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C); and (4) derived from conspiracy to commit specified unlawful acts, in violation of 18 U.S.C. § 371, and are therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

## THE DEFENDANTS *IN REM*

2.  The Defendants in this action are the following Real Properties:
    a.  Real Property that is titled in the name of Esser Properties, LLC., located at 460 S. Pershing Avenue, York, Pennsylvania, with all appurtenances, improvements, and attachments thereon, and that is more fully described in Exhibit A;
    b.  Real Property that is titled in the name of Esser Properties, LLC., located at 1142 E. Poplar Street, York, Pennsylvania, with all appurtenances, improvements, and attachments thereon, and that is more fully described in Exhibit B;
    c.  Real Property that is titled in the name of Esser Properties, LLC., located at 929 W. Poplar Street, York, Pennsylvania, with all appurtenances, improvements, and attachments thereon, and that is more fully described in Exhibit C;
    d.  Real Property that is titled in the name of Esser Properties, LLC., located at 561 W. Princess Street, York, Pennsylvania, with all appurtenances, improvements, and attachments thereon, and that is more fully described in Exhibit D;
    e.  Real Property that is titled in the name of Esser Properties, LLC., located at 656 E. Princess Street, York, Pennsylvania, with all appurtenances, improvements, and attachments thereon, and that is more fully described in Exhibit E;

f. Real Property that is titled in the name of Esser Properties, LLC., located at 437 Cooper Place, York, Pennsylvania, with all appurtenances, improvements, and attachments thereon, and that is more fully described in Exhibit F;

g. Real Property that is titled in the name of Esser Properties, LLC., located at 614 S. Queen Street, York, Pennsylvania, with all appurtenances, improvements, and attachments thereon,, more fully described in Exhibit G;

h. Real Property that is titled in the name of Esser Properties, LLC., located at 542 S. Queen Street, York, Pennsylvania, with all appurtenances, improvements, and attachments thereon, and that is more fully described in Exhibit H;

i. Real Property that is titled in the name of Esser Properties, LLC., located at 520 S. Queen Street, York, Pennsylvania, with all appurtenances, improvements, and attachments thereon, and that is more fully described in Exhibit I;

j. Real Property that is titled in the name of Esser Properties, LLC., located at 326 Fredrick Ct, York, Pennsylvania, with all appurtenances, improvements, and attachments thereon, and that is more fully described in Exhibit J.

Collectively, these are referred to herein as the "Defendant Properties."

3. The following may have an interest in the Defendant Properties: Esser Properties, LLC, and/or David Esser.

4. The Defendant Properties have not been seized and are all located within the Middle District of Pennsylvania. This Court has jurisdiction pursuant to 28 U.S.C. § 1355 (allowing the government to file forfeiture actions in the district where the underlying crime giving rise to the forfeiture occurred, and giving that court nationwide service of process authority.) The United States does not request authority from the Court to seize the Defendant Properties at this time. The United States will, as provided by 18 U.S.C. § 985(b)(1) and (c)(1):

a. Post notice of this action and a copy of the Complaint on the Defendant Properties;

b. Serve notice of this action on the Defendant Properties owner(s), and any other person or entity who may claim an interest in the Defendant Properties, along with a copy of this Complaint;

c. Execute a Writ of Entry for purposes of conducting an inspection and inventory of the Defendant Properties; and

3

d. File a *Lis Pendens* in county records of Defendant Properties' status as a defendant in this *in rem* action. The United States will also, as provided in 19 U.S.C. § 1606, appraise Defendant Properties as appropriate after execution of the Writ of Entry against the Defendant Properties.

## JURISDICTION AND VENUE

5. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Properties. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a).

6. This Court has *in rem* jurisdiction over the Defendant Properties under 28 U.S.C. § 1355(b).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district.

## BASIS FOR FORFEITURE

8. The Defendant Properties are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and (C) which provide, in pertinent part:

(a)(1) The following property is subject to forfeiture to the United States:

(A) Any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956 [laundering of monetary instruments], 1957 [engaging in monetary transactions in property derived from specified unlawful activity] . . . of this title, or any property traceable to such property.

. . .

(C) Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting "specified unlawful activity" (as

defined in section 1956 (c)(7) of this title), or a conspiracy to commit such offense [including 18 U.S.C. § 1343 (wire fraud)].

9. Additionally, and/or in the alternative, the Defendant Properties are also subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7) because the Defendant Properties are derived from the proceeds of violations of 21 U.S.C. § 841(a)(1) (distribution of anabolic steroids).

## FACTS

9. The forfeiture is based upon the following facts: The government incorporates the attached Declaration of Special Agent Brendan Cullen. The Defendant Properties were purchased with the proceeds of illegal controlled substances trafficking, wire fraud, and used to facilitate money laundering. A recitation of facts necessary to support this Complaint is set forth in the Declaration.

WHEREFORE the United States prays for relief in the form of forfeiture of the Defendant Properties to the United States and any additional relief available under law, including costs and fees from any claimant to the extent that one or more claimants press a judicial claim for the Defendant Properties.

Respectfully submitted,

AARON L. WEISMAN
United States Attorney
District of Rhode Island

By: /s/ *Mary Rogers*
MARY ROGERS
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401) 709-5000
Email: mary.rogers@usdoj.gov

## VERIFICATION

I, Special Agent Brendan Cullen, hereby verify and declare under penalty of perjury that I am a Special Agent with the Department of Homeland Security (DHS) United States Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI) assigned to the Boston Field Office, that I have read the foregoing Verified Complaint *in rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief, and, as to those matters, I believe them to be true. The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of ICE.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Brendan J. Cullen
BRENDAN J. CULLEN
Special Agent
Homeland Security Investigations

Dated: February 21, 2020

6